## STATE OF FLORIDA v LOPEZ

Case Nos. 00060-IS and 00061-IS

County Court, Dade County

March 8, 1990

### APPEARANCES OF COUNSEL

Office of the State Attorney, for plaintiff.

**Leighton G. Morse, Esquire,** for defendant.

### OPINION OF THE COURT

MAY L. CAIN, County Judge.

*ORDER DISCHARGING DEFENDANT PURSUANT TO*
*FLORIDA RULE OF CRIMINAL PROCEDURE 3.191(1)(1)*

This cause having come to be heard before me upon the Defendant's Motion for Discharge pursuant to Florida Rule of Criminal Procedure 3.191(a)(1), and counsel for both parties having been present, and argument having been had, and the Court having been fully advised in the premises, the Court makes the following findings of fact accompanied by the appropriate conclusions of law:

## FINDINGS OF FACT

1. The Defendant herein was arrested on July 5, 1989 and charged with violation of Florida Statute 316.193, (the misdemeanor of driving under the influence of alcohol or controlled substances). Thereafter, the Defendant was arraigned on August 14, 1989.

2. The case was first called to trial on September 14, 1989. At this time, the State requested and was granted a continuance due to the fact that they were not prepared to proceed with trial.

3. Once again, on October 2, 1989, the case was called to trial. This time, the State requested another continuance, once again for the reason that they were not prepared for trial. Here the Court denied the motion for the continuance and ordered the case dismissed for lack of prosecution.

4. On or about November 1, 1989, the Office of the State Attorney re-filed the case. On November 28, 1989, the CLerk of the Court issued a summons directing the former defendant to appear on arraignment on December 11, 1989. An attempt was made to serve Mr. Lopez with the summons and information on November 29, 1989. According to the court file this attempt failed and the December 11th arraignment was continued.

5. Subsequently on December 12th, another summons was issued for an arraignment on January 2, 1990. Several days later on December 15, 1989, an attempt was made to serve this summons and information. Once again this attempt failed and the January 2nd arraignment was continued.

6. Later on January 3rd another summons was issued for a January 19th arraignment. On January 16, 1990, personal service of the summons and information was allegedly made on the Defendant. This summons called for an arraignment date of January 19, 1990.

7. On January 19th, the case was called on the Court's arraignment calendar. At this time, the Court noted the Defendant's absence and ordered a bench warrant be issued for his arrest.

8. Later, the Defendant received notice through the mail that he had failed to appear at the arraignment and that because of this, a warrant would be issued for his arrest.

9. On January 29th, the Defendant through counsel, filed with the Court a motion to quash the bench warrant. The motion stated that the Defendant had not been personally served and noticed to appear for the January 19th arraignment and therefore, his lack of appearance was through no fault of his own.

10. Following a hearing on the motion to quash the bench warranty on February 2, 1990, the Court issued an order quashing the bench warrant and finding that the Defendant's absence from the January 19th arraignment was through no fault of his own.

11. On February 16, 1990, the Defendant filed with the Court and served on the Office of the State Attorney, a motion to discharge the Accused pursuant to Florida Rule of Criminal Procedure 3.191(a)(1). The motion stated that: the Defendant had been arrested and charged with the instant misdemeanor on July 5, 1989; that for the ensuing six and one half months the Defendant had been continuously available for trial; and that the speedy trial period had run.

12. Subsequently, on Friday March 2nd, (the fourteenth day following the filing of the aforementioned motion), the State caused the case to be set for trial on Monday March 5th, (the fifteenth day). This same day, Friday March 2nd, a notice of trial was sent to the Defendant and his attorney directing both to appear for trial the following Monday morning at 9:30 a.m.

13. On the morning of March 5th, counsel for the Defendant received the trial notice directing him to appear that very morning for trial of the matter. Notwithstanding this, the Defendant and his attorney appeared at the 9:30 trial calendar and objected to the trial being set with such short notice. This allegedly prejudiced the Defendant's case through no fault of his own. After careful consideration by this court it was determined that the defendant's objection was well taken and the Court continued the case to the State.

14. The record reflects that on each other trial date from the inception of the original case, the Defendant has been ready for trial.

15. On March 16, 1990, a hearing was held on the Defendant's motion for discharge. This order is the subject of that motion.

## CONCLUSIONS OF LAW

It is well settled law in the 11th Judicial Circuit of this state that a trial notice of one day is insufficient and does not comply with the Florida Rules of Criminal Procedure regarding notice of hearings and trials. See: *Duston v State,* 18 Fla. Supp.2d 183 (1986); and *Sanchez v State,* 16 Fla. Supp.2d 177 (1986).

In the case before the Court, attorney for the Defendant received notice of trial the very morning of the trial. Clearly, such notice is not reasonable under the existing case law and instant circumstances. To require the Defendant to either try the case or waive his right to a speedy trial under such circumstances would severely prejudice the

Defendant's case through no fault of his own. Therefore, it was entirely proper for the Court to continue the case without prejudicing the Defendant.

Florida Rule of Criminal Procedure 3.191 provides in pertinent parts:

(a)(1). Speedy Trial Without Demand. Except as otherwise provided by this rule, and subject to the limitations imposed under (b)(1) and (b)(2), every person charged with a crime by indictment or information shall be brought to trial within 90 days if the crime is a misdemeanor. . . . If trial is not commenced within these time periods, the defendant shall be entitled to the appropriate remedy as set forth in section (i) below. The time periods established by this section shall commence when such person is taken into custody as defined under section (a)(4).

(i) Remedy for Failure to Try Defendant within the Specified Time.

(1) No remedy shall be granted to any defendant under this Rule until the Court shall have made the required inquiry under section (d)(3).

(2) The defendant may, at any time after the expiration of the proscribed time period, file a motion for discharge.

(3) No later than 5 days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion, and unless the court finds that one of the reasons set forth in section (d)(3) exists, shall order that the defendant be brought to trial within 10 days. If the defendant is not brought to trial within the 10 day period through no fault of the defendant, the defendant shall be forever discharged from the crime.

(d)(3) Delay and Continuances; Effect on Motion. If trial of the accused does not commence within the periods of time established by this Rule, a pending motion for discharge shall be granted by the court unless it is shown that (i) a time extension has been ordered under (d)(2) and that extension has not expired, or (ii) the failure to hold trial is attributable to the accused . . . or (his) counsel, or (iii) the accused was unavailable for trial under section (e) . . .

In the instant matter before the Court the record is clear. The accused was initially arrested on July 5, 1989. A motion for discharge under the Rule was filed on his behalf on February 16, 1990, some six and one half months following his arrest. Unless there is or has been a delay or continuance attributable to the accused during this period, the accused is entitled to the relief specified within the rule, that being forever discharged from the crime.

A thorough examination of the case from its inception reveals that: there has never been a time extension ordered by the court; any failure to hold the trial within the specified period has not been attributable to either the accused or his counsel; and the accused has been continuously available for trial during the pendency of the case.

For the foregoing rationale, it is ORDERED AND ADJUDGED that the Defendant's motion for relief under the Rule is granted and the Accused is hereby forever discharged from the underlying cases.

DONE AND ORDERED in open court this 8th day of March, 1990.